## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DONNA VORWOLD, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| Vs. ) | Cause No. _____ |
| ) | |
| AMERICAN SIGNATURE, INC., ) | |
| d/b/a VALUE CITY FURNITURE ) | DEFENDANT DEMANDS |
| and GREGORY MEYER, ) | TRIAL BY JURY |
| ) | |
|    Defendants. ) | |

### NOTICE OF REMOVAL

In accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, notice is given as follows:

1.  Defendant American Signature, Inc. d/b/a Value City Furniture ("American Signature") removes this action from the Twenty First Judicial Circuit for St. Louis County, Missouri (the "State Court") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity between the served parties and the amount in controversy exceeds $75,000. In support of this Notice, American Signature states as follows:

### BACKGROUND

2.  On May 21, 2020, Plaintiff filed her Complaint in St. Louis County, Missouri against Defendant American Signature, Inc. d/b/a Value City Furniture, as Case No. 20SL-CC02843 (the "State Court Action").

3.  In the Petition, Plaintiff alleges that American Signature, Inc. negligently and carelessly created a dangerous condition on its property or otherwise allowed a dangerous condition to exist on its property and negligently failed to warn Plaintiff that such condition existed and failed to barricade the condition, all of which caused Plaintiff to fall and sustain injury. See

Plaintiff's Petition; a copy of all pleadings, orders, and other documents on file in the state court is attached hereto as "Exhibit A."

4. As a result of this fall, Plaintiff alleges that she sustained "bodily injury, pain and suffering to her left upper arm/shoulder, left knee and left wrist, necessitating surgical intervention." See Plaintiff's Petition. Plaintiff further alleges that due to her injuries, "plaintiff required care and treatment from hospitals, physicians, and other health care professionals, all at substantial expense." Additionally, Plaintiff alleges she "was caused and continues to have pain, suffering, inconvenience, impaired mobility, impaired activities of daily living and the ordinary emotional distress that does with a fall and her resulting injuries, loss of quality of life and inconvenience." See Petition at ¶19.

5. Based on these alleged injuries, Plaintiff prays for damages "that are fair and reasonable, for costs incurred herein, and for all other such damages that the Court deems just and property [sic] under the circumstances. See Petition.

6. Upon information and belief, American Signature, Inc. was served with the State Court Action on June 1, 2020.

7. On June 29, 2020, American Signature, Inc. filed its first Notice of Removal and removed The State Action to the United States District Court for the Eastern District of Missouri.

8. On October 21, 2020, Plaintiff filed her First Amended Petition, naming Gregory Meyer, Value City Furniture's store manager, as a co-defendant. See Plaintiff's First Amended Petition.

9. Plaintiff's First Amended Petition alleged that Mr. Meyer personally contributed to the cause of Plaintiff's injuries and stated a cause of action against him for negligence.

10. Plaintiff's First Amended Petition alleges that Mr. Meyer is and has been a citizen and resident of the State of Missouri at all pertinent times during the pendency of this action. Thus, Plaintiff argued that diversity jurisdiction under 28 U.S.C. § 1332(a) was destroyed.

11. Accordingly, the District Court ordered the case to be remanded to the Circuit Court of St. Louis County, State of Missouri.

12. Since adding Greg Meyer as a party defendant, Plaintiff has not taken any action whatsoever to prosecute her case against Meyer. To date, Plaintiff still has not served Mr. Meyer with the Amended Petition.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

13. The Circuit Court for the Twenty First Judicial Circuit for St. Louis County, the court in which the action is pending, is located within the jurisdiction of the United States District Court for the Eastern District of Missouri. *See* 28 U.S.C. § 105(a)(1). Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

14. Pursuant to the provisions of 28 U.S.C. § 1446(d), American Signature Inc. will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court for the Twenty First Judicial Circuit for St. Louis County, and will serve a copy of the same upon Plaintiff's counsel.

15. As noted above, pursuant to 28 U.S.C. § 1446(a), a full copy of the State Court file – including all process, pleadings, and orders that have been served upon Defendant – is attached as Exhibit A.

## JURISDICTION EXISTS UNDER 28 § 1332(a)

16. The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant American Signatures, Inc. are citizens of different states, Plaintiff acted in

bad faith in naming Mr. Meyer as a defendant to prevent removal, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### *Plaintiff and Defendant American Signatures, Inc. Are Citizens of Different States.*

17. According to her First Amended Complaint, Plaintiff Donna Vorwold is, and was at the time this action was filed, a resident and citizen of the State of Missouri.

18. Defendant American Signature, Inc. is, and was at the time this action was filed, a corporation organized under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Therefore, American Signature, Inc. is a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

19. Thus, based on the information available, there is diversity between Plaintiff and Defendant American Signatures, Inc.

### *With Respect to unserved Defendant Greg Meyer, Plaintiff Acted in Bad Faith to Prevent Removal of This Case.*

20. Generally, a case may not be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has "acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

21. Plaintiff commenced this action on May 21, 2020. Thus, the one-year limitation for removing this case on the basis of diversity jurisdiction has run. However, this action should be removable notwithstanding the limitation period because Plaintiff has acted in bad faith in order to prevent its removal.

22. In certain contexts, federal courts are required to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction. For example,

the Unites States Supreme Court has held that a plaintiff may not keep a cause out of federal court by fraudulently naming a nondiverse defendant. *See Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176 (1907).

23. Plaintiff named Mr. Meyer for the sole purpose of destroying diversity among the parties; Plaintiff had and has no legitimate intention of pursuing damages from Mr. Meyer.

24. American Signature, Inc. filed its first Notice of Removal on June 29, 2020. Plaintiff then filed her First Amended Petition on October 21, 2020, which named Mr. Meyer, a Missouri citizen and resident, as a defendant. Because this Court found that Plaintiff adequately pleaded a state law claim against Mr. Meyer, the case was remanded to the State Court. (*See* ECF No. 21).

25. Plaintiff, however, has not requested a summons or filed a return of service indicating Plaintiff has served Mr. Meyer. More than one year and eight months have passed since Mr. Meyer became a party to this action, yet Plaintiff has made no effort whatsoever to serve him, much less prosecute the case against him. It is clear that Plaintiff has no intention to seek damages from Mr. Meyer and has named him as a defendant for the sole purpose of defeating diversity. For this reason, Mr. Meyer's residency and citizenship should not be considered in determining American Signature, Inc.'s right to removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

26. Furthermore, this Court has held that the removal bar provided for in 28 U.S.C. § 1441(b) does not apply where named defendants have not been served. *Brake v. Reser's Fine Foods, Inc.*, No. 4:08CV1879 JCH, 2009 WL 213013 at *3 (E.D. Mo. Jan. 28, 2009) ("Any other such action shall be removable only if none of the parties in interest properly **joined and served** as defendants is a citizen of the State in which such action is brought.") (emphasis in original).

27.     Here, the only party properly joined and served, American Signature, Inc., is not a citizen of Missouri, the state in which this action was brought. Thus, this action is removable under § 1441(b) notwithstanding the fact that the one-year limitation for removal based on jurisdiction conferred by § 1332 has passed.

### *The Amount in Controversy Exceeds $75,000*

28.     As a result of Plaintiff's alleged injuries, Plaintiff seeks unspecified damages. When the amount in controversy is not directly stated, it can be "ascertain[ed] from a reasonable and common reading of the Petition." *McCoy by Webb v. Gen. Motor Corp.*, 226 F.Supp.2d 939 (N.D. Ill. 2002).

29.     Because of the alleged severity of the injuries described by Plaintiff, including allegations of past and continuing medical expenses, past and continuing pain and suffering and loss of normal life and surgical treatment, it is readily apparent that the damages claimed by Plaintiffs exceed $75,000.00. *Allmon v. Walgreens Co.*, No. 4:09 CV 1151 DDN, 2010 WL 1292172, At *1 (E.D. Mo. Apr. 5, 2010) (holding amount-in-controversy requirement satisfied where plaintiff alleged severe and permanent injuries), *Quinn v. Kimble*, 228 F.Supp. 2d 1038, 1041 (E.D. Mo. 2002) (holding amount-in-controversy met where plaintiff alleged head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries;" and alleged lost wages). Indeed, Plaintiff's counsel has made a pre-litigation settlement demand of $150,000.00.  In fact, since the filing of her case, plaintiff's counsel has recently communicated a $149,000 demand. *Jackson v. Fitness Reserve Group, Inc*., 2012 w/2873668 (E.D. Mo. 2012): "Although the existence of a settlement demand does not resolve [the amount in controversy] issue, it is relevant."[1]

---

[1] This Court has held that consideration of pre-settlement demand letters sent by plaintiff's counsel exceeding the amount in controversy are properly considered to establish that the amount in controversy has been established.  See

30. Moreover, when a plaintiff's complaint does not specifically state the amount in controversy, a defendant can point to relevant evidence to satisfy their burden of establishing an amount in controversy greater than $75,000.00. *See Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427–28 (7th Cir. 1997) (recognizing that, in such cases, "the district court may look outside the pleadings to other evidence of jurisdictional amount in the record").

31. In this case, Plaintiff's attorney has submitted correspondence, as well as medical bills, indicating that Plaintiff has already incurred in excess of $50,000.00 in medical bills following the accident. This large amount of medical bills in combination with Plaintiff's allegations that she has suffered past and continues to experience pain and suffering, will continue to incur expenses for treatment, and has experienced a loss of normal life are sufficient to demonstrate that the amount in controversy exceeds $75,000.  The Eighth Circuit has instructed that the question "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002). Therefore, so long as a jury could award more than $75,000.00, the amount-in-controversy threshold is met. Indeed, this is precisely what the court found in *Quinn v. Kimble,* 228 F. Supp. 2d 1038 (E.D. Mo. 2002) when it denied a motion to remand after concluding that "a jury *could* award the requisite jurisdictional amount given that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; that their ability to work, labor, and enjoy life has been and will be impaired; and that Quinn lost wages." *Id.* at 1040-41. There, the court acknowledged the fact that there were "several cases in which St. Louis City juries have awarded verdicts in amounts as high as 45 times the medical bills, or greater than $75,000 for `soft-tissue

---

Memorandum and Order of Chief Judge Rodney Sippel in <u>Nulcie v. Masterbrand Cabinets, Inc.</u>, Case No. 4:15-cv-491-RWS.

injuries.'" *Id.* at 1040; *see also Hartford Ins. Co. of Midwest v. Wyllie,* No. 4:04 CV 1537 DDN, 2005 WL 902776, at *3 (E.D. Mo. Mar. 28, 2005) (referencing the same fact as bearing upon the court's ultimate conclusion to deny remand). Here, in addition to soft tissue injuries, plaintiff has alleged a fractured shoulder which was surgically repaired.

32. Accordingly, the amount of medical bills allegedly incurred as a result of this incident, in combination with Plaintiff's allegations that she has suffered past and future pain and suffering, past and future expense for treatment, underwent surgery and experienced a loss of normal life, in conjunction with plaintiff's pre-litigation settlement demand of $150,000.00 are sufficient to demonstrate that the amount in controversy exceeds $75,000. That is, Defendant has demonstrated by a preponderance of the evidence that this Court has jurisdiction over the subject matter of this action. *See Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (holding that defendant bears burden of establishing federal jurisdiction by a preponderance of the evidence).

33. Because (i) there is diversity of citizenship between the parties, (ii) the one-year limitation for removal under 28 U.S.C. 1446(a) does not apply due to Plaintiff's bad faith in naming and failing to serve Gregory Meyer, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332. Accordingly, American Signature, Inc. is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Eastern District of Missouri.

## **CONCLUSION**

34. For these reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and this action may be removed from the Twenty First

Judicial Circuit for St. Louis County and brought before the United States District Court for the Eastern District of Illinois, pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant American Signature, Inc. gives notice that the action styled *Donna Vorwold v. American Signature, Inc., d/b/a Value City Furniture and Gregory Meyer*, in the Twenty First Judicial Circuit for St. Louis County, Case No. 20SL-CC02843, is removed to the United States District Court for the Eastern District of Missouri and requests that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**Defendant further requests a trial by jury on all counts of Plaintiff's First Amended Petition.**

Respectfully Submitted,

HEPLERBROOM LLC

By: */s/ Adam McGonigle*
MICHAEL REDA                # 33591MO
mreda@heplerbroom.com
ADAM MCGONIGLE              #66073MO
adam.mcgonigle@heplerbroom.com
701 Market Street
Suite 1400
St. Louis, MO 63101
314/241-6160 / 314/241-6116 – Facsimile
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed on this 1st day of September, 2022, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph M. Weidhaas
Jason Guerra
Goldblatt + Singer
8182 Maryland Ave.
Suite 801
Clayton, MO 63105
jguerra@stlinjurylaw.com
jweidhaas@stlinjurylaw.com
Attorneys for plaintiff

                                                                */s/ Adam McGonigle*